This was an appeal from a judgment of the District Court of Hardy rendered in an action of debt upon a bond.
An office judgment was obtained against the defendants, and their appearance bail, at the rules held in the Clerk’s office, in October, 1805. At the May term, 1806, the entry on the record is, “on the motion of the defendants, by their attorney, the office judgment is set aside: and thereupon, Lhe appearance bail pleaded payment, upon which issue was joined.” At a subsequent term the appearance bail waived his former plea, and judgment was entered against the ■defendants and the appearance bail, for the debt, &c.
It was stated to have been the uniform practice of the old General Court, where the appearance bail defended *the suit, as in this case, to suspend the conditional judgment against the principal, till a final judgment was obtained against the appearance bai¡.
JUDGE TUCKER
observed that, if there had been a confession of judgment by the appearance bail, it might well be doubted whether it would not have been error to enter a judgment against the principals; on the authority of the case of Fisher and others v. Riddell, (1) decided in April, 1805. But the bail, having waived his former plea, left the defendants undefended; and therefore the court was warranted in entering up judgment against them.
By the whole Court, judgment affirmed.

 The ease of Fisher and others v. Riddell* was this. After a conditional judgment, the defendants appeared by attorney, and set it aside, and confessed a judgment. The plaintiff then proceeded to a judgment against the appearance bail. This judgment was reversed by the Court of Appeals; because the conditional judgment having been set aside, and the defendants having appeared by their attorney and confessed the plaintiffs a-ction. the appearance bail was thereby discharged, and no judgment ought to have been rendered against him. —Note in Original Edition.